**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**TENNESSEE GAS PIPELINE COMPANY, L.L.C.** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 4:26-cv-132-RPC-DAS**

**7.788 ACRES IN ATTALA COUNTY, MISSISSIPPI; POTLATCHDELTIC LAND & LUMBER, LLC** **DEFENDANTS**

**ORDER**

Before the Court is Plaintiff Tennessee Gas Pipeline Company, L.L.C.'s ("TGP") [Doc. 12] Motion to Strike Defendant PotlatchDeltic Land & Lumber, LLC's ("Potlatch") Counterclaim asserted in its Answer. Plaintiff TGP is an oil and gas company seeking to condemn certain tracts of land in and around Mississippi to construct approximately 208 miles of a natural gas pipeline pursuant to the Natural Gas Act. TGP filed its Complaint on August 17, 2026, and Potlatch filed its Answer on September 25, 2026. [Doc. 1]; [Doc. 8]. TGP's Motion argues that Potlatch's Answer contains an improper claim in violation of the rules set forth in Rule 71.1(e)(3). For the reasons stated herein, the [Doc. 12] Motion is **GRANTED**, and the counterclaim is **DISMISSED**.

***Standard of Review***

Federal Rule of Civil Procedure 71.1 "govern[s] proceedings to condemn real and personal property by eminent domain[.]" The purpose of the Rule is "to provide a uniform procedure for condemnation in the federal district courts." Fed. R. Civ. P. 71.1 advisory committee's note to 1951 addition, subdivision (a); *see also* ***Gov't of V.I. v. 19.623 Acres of Land***, 536 F.2d 566, 569 (3d Cir. 1976). The Rule provides guidelines for such proceedings, including what may be included in a plaintiff's answer, the service procedures, contents of a defendant's answer, and the process for amending pleadings. *See* Fed. R. Civ. P. 71.1(c)-(f). If a defendant elects to serve an answer, the

defendant must state all of its objections and defenses to the taking. Fed. R. Civ. P. 71.1(e)(3). Courts have "ample discretion" in deciding motions to strike. ***In re Beef Indus. Antitrust Litig.***, 600 F.2d 1148, 1168 (5th Cir. 1979).

The Court finds that TGP's Motion to Strike should be converted to a Motion to Dismiss.[1] *See* ***Columbia Gas Transmission, LLC v. 14.96 Acres, More or Less, in Logan Cnty.***, 2015 U.S. Dist. LEXIS 77896, at *5-7 (S.D. W. Va. June 16, 2015) (collecting cases holding that a motion to strike a counterclaim is in essence a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)). The Motion essentially seeks dismissal of Potlatch's counterclaim based on the arguments that it is precluded by the law set forth in Federal Rule of Civil Procedure 71.1 *et seq.* Thus, the Court treats the Motion as arguing that Potlatch cannot maintain its counterclaim because it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

***Analysis***

TGP's Motion argues that, pursuant to Federal Rule of Civil Procedure 71.1(e)(3), Potlatch cannot assert a counterclaim for just compensation in its Answer. [Doc. 13 at 1]. Specifically, Potlatch's Answer contains the following under the heading titled "**COUNTERCLAIM FOR JUST COMPENSATION**":

> Potlatch, as Counterclaim-Plaintiff, asserts the following Counterclaim against TGP, as Counterclaim-Defendant. Potlatch does not contest TGP's authority to exercise eminent domain under its FERC Certificate and the Natural Gas Act. Instead, this Counterclaim seeks a determination and award of full just compensation for the taking of Potlatch's property interests. The factual allegations supporting this Counterclaim are set forth below.

[Doc. 8 at 8].

[1] The [Doc. 12] Motion does not specifically invoke the rule governing motions to strike—Federal Rule of Civil Procedure 12(f).

TGP relies on several cases holding that a defendant in a condemnation action may not assert a counterclaim in its answer to the complaint.[2] Based on those authorities and Federal Rule of Civil Procedure 71.1, TGP moves to strike Potlatch's purported counterclaim. The Court agrees Potlatch cannot assert a counterclaim in its answer. Under Federal Rule of Civil Procedure 71.1(e)(2)(A)-(C), a defendant's answer in a condemnation action must identify the property in which the defendant claims an interest, state the nature and extent of that interest, and state all objections and defenses to the taking. Fed. R. Civ. P. 71.1(e)(2)(A)-(C). Although Potlatch's answer addresses these matters, it also separately asserts a "counterclaim" for just compensation.

The Court first notes that "[t]he clear weight of authority holds [that] Rule 71.1(e)(3) prohibits counterclaims in condemnation actions." ***WBI Energy Transmission, Inc. v. Subsurface Easements for the Storage of Natural Gas in the Judith River Subterranean Geological Formation***, No. CV-18-88-BLG-SPW-TJC, 2019 U.S. Dist. LEXIS 128043, at *7-8 (D. Mont. July 8, 2019) (collecting cases). Although Potlatch argues that some of the authorities upon which TGP relies concern condemnation actions brought by the United States,[3] the Court finds that the prohibition against counterclaims is not necessarily limited to those proceedings. *See* ***Id***.

---

[2] *See* ***United States Upon Rel. of Tennessee Valley Auth. v. An Easement & Right-of-Way Over 0.24 Acre of Land, More or Less, in Tallahatchie Cnty., Mississippi***, No. 3:18-CV-00169-SA-RP, 2019 WL 3849163, at *3 (N.D. Miss. Aug. 15, 2019), *judgment entered sub nom.* ***United States for use of Tennessee Valley Auth. v. Easement & Right-of-Way Over 0.24 Acre of Land, More or Less, in Tallahatchie Cnty., Mississippi***, No. 3:18-CV-00169-SA-RP, 2021 WL 3627136 (N.D. Miss. Aug. 16, 2021) (holding counterclaims for just compensation "are not permitted" under Rule 71.1(e)(3)); *see also* ***Mountain 1 Valley Pipeline, LLC v. W. Pocahontas Props. Ltd. P'ship***, 918 F.3d 353, 363 (4th Cir. 2019) (holding defendant "may not 'assert . . . collateral claims within a condemnation proceeding'" (citation omitted)).

[3] Potlatch responds that many of the cases relied upon by TGP stand for the proposition that a counterclaim cannot be asserted in a condemnation action filed by the United States. *See* ***United States ex rel. TVA v. An Easement & Right-of-Way Over 0.24 Acre of Land***, No. 3:18-cv-169-SA-RP, 2019 WL 3849163 (N.D. Miss. Aug. 15, 2019); ***United States ex rel. TVA v. Tree-Cutting Right***, 2008 WL 2178151, at *2 (N.D. Miss. May 22, 2008) (a counterclaim may not be asserted "in a condemnation action filed by the United States."). However, an abundance of authority indicates that the prohibition against counterclaims in condemnation actions is not strictly limited to cases in which the United States is a party.

The Court recognizes, however, that Potlatch's demand for just compensation is not, in substance, a true counterclaim. Potlatch does not contest TGP's authority to condemn the property, assert an independent cause of action, or seek relief beyond a determination of the compensation due for the taking. Indeed, Potlatch acknowledges that it seeks no independent relief and could not pursue its demand as a standalone action. [Doc. 15 at 9]. Rather, Potlatch's demand concerns the amount of compensation to which it is entitled in this condemnation proceeding.

Nevertheless, the Court finds that dismissal of the purported counterclaim is appropriate to avoid confusion as the case proceeds. Doing so will not prejudice Potlatch or deprive it of the opportunity to establish the compensation due for the taking. Rule 71.1(e)(3) expressly provides that, at the trial on compensation, a defendant may present evidence concerning the amount of compensation to be paid regardless of whether the defendant has previously appeared or answered. Fed. R. Civ. P. 71.1(e)(3). Accordingly, Potlatch may present evidence and arguments concerning just compensation in the ordinary course of this proceeding, notwithstanding the dismissal of its purported counterclaim. For these reasons, the Motion is **GRANTED**, and Potlatch's counterclaim is **DISMISSED WITH PREJUDICE**.

**SO ORDERED,** this the 28th day of October, 2026.



UNITED STATES DISTRICT JUDGE